IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DANIEL MATTHEW DEBEIKES, JR., | § § § | |
| *Plaintiff,* | § § | SA-25-CV-00373-JKP |
| vs. | § § | |
| FROST BANK, | § § § | |
| *Defendant.* | § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [#5], which was referred to the undersigned on April 11, 2025, after this case was transferred to this Court from the Northern District of Texas. By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on an inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP and order service of Plaintiff's Complaint.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that he does not have sufficient monthly resources available to pay the filing fee. The Court will therefore grant the motion to proceed IFP.

---

[1] The administrative fee, which is currently $55, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

1

Plaintiff is advised, however, that although he may proceed IFP in this case, the Court may, in its discretion, impose costs of court at the conclusion of this lawsuit. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Section 1915(e) does not make frivolousness review mandatory before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP. However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

Pursuant to the Court's October 8, 2019 Standing Order, the undersigned has reviewed Plaintiff's proposed Complaint for frivolousness pursuant to 28 U.S.C. § 1915(e). The Court finds that Plaintiff's Complaint [#3] asserts at least one non-frivolous claim. Therefore, Defendant should be served with this lawsuit. Rule 4(c)(3) of the Federal Rules of Civil Procedure requires the Court to order service by a United States marshal if a plaintiff is authorized to proceed IFP under 28 U.S.C. § 1915. Accordingly, the Court will grant Plaintiff's motion to proceed IFP and order service by the United States Marshals Service.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [#5] is **GRANTED**.

**IT IS THEREFORE ORDERED** that if not already accomplished, within ten (10) days of the date of this Order, Plaintiff shall submit to the Clerk's Office a fully completed United States Marshals Service Form 285, including fully complete addresses, for each Defendant

required to be served and the United States Marshals Service shall serve each Defendant with a copy of the Complaint and a copy of this order by certified mail, return receipt requested.

    SIGNED this 21st day of April, 2025.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE