UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DANIEL MATTHEW DEBEIKES JR.,

  *Plaintiff*,

v.                                                   Case No. 5:25-CV-00373-JKP

FROST BANK, FROST INSURANCE
AGENCY INC.,

  *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Frost Bank and Frost Insurance Agency Inc.'s ("Frost") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *ECF No. 20*. Plaintiff Daniel Matthew Debeikes Jr. filed a Response, to which Frost filed a Reply. *ECF Nos. 22, 25*. Plaintiff also submitted a Surreply. *ECF No. 29*. Upon consideration, Frost's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (*ECF No. 20*), shall be denied.

## BACKGROUND

This case arises out of Defendants Frost Bank and Frost Insurance Agency Inc.'s ("Frost") alleged recission of a job offer to Plaintiff Daniel Matthews Debeikes Jr. *ECF No. 16*. The facts, taken from Plaintiff Daniel Matthews Debeikes Jr.'s ("Debeikes") Amended Complaint and in the light most favorable to him, are as follows. *Id*.

On February 12, 2025, following a three-month interview process, Frost extended a conditional offer of employment to Debeikes for the position of Commercial Lines Producer. *Id. at 3*. As a condition of employment, Frost required Debeikes to undergo a fingerprint-based criminal history background check through the Federal Bureau of Investigation ("FBI"). *Id. at 3*.

The same day, Debeikes signed consent forms, including the "Acknowledgment and Authorization for Background Investigation, authorizing Sterling Infosystems Inc. [("Sterling")] . . . to obtain a consumer report, including the FBI criminal history report, for employment purposes." *Id. at 3*.

On February 13, 2025, at approximately 11:00 AM, Pam Cooper ("Ms. Cooper"), Senior Vice President and Senior Regional HR Manager for Frost, called Debeikes and rescinded the job offer "due to and solely due to" information in the FBI's criminal history background report ("FBI Report"). *Id. at 3*. Debeikes informed Ms. Cooper he believed that a 2011 incident referenced in the FBI Report was expunged. *Id. at 3*. Debeikes further informed Ms. Cooper he "was on the verge of obtaining documentation and offered to provide documentation." *Id. at 3*. As alleged, Ms. Cooper did not provide Debeikes with "a copy of the FBI [R]eport, a pre-adverse action notice, or a summary of [Federal Credit Reporting Act ("FCRA")] rights, nor did she allow [Debeikes] a reasonable opportunity to dispute the [FBI Report's] accuracy." *Id. at 4*. Later that day, at approximately 4:00 PM, Ms. Cooper called Debeikes again "reiterating the recission and questioning [Debeikes'] integrity regarding the expunged incident." *Id. at 4*.

Debeikes independently requested his own FBI Report and contacted the FBI. *Id. at 4–5*. Within 90 days, Debeikes had the expunged 2011 incident removed from the Utah Department of Public Safety database, ensuring future FBI fingerprint checks would show no incident. *Id. at 5*.

On February 18, 2025, "Sterling's background check returned clear with no disqualifying information, confirming the FBI [R]eport's inaccuracy." *Id. at 5*.

Following these events, Debeikes filed suit. *ECF No. 1*. Alongside his Original Complaint, Debeikes filed a Motion to Proceed *in forma pauperis*. *ECF Nos. 3, 5*. On April 21, 2025, U.S. Magistrate Judge Richard B. Farrer granted the Motion. *ECF No. 10*.

After, Debeikes filed his Amended Complaint. *ECF No. 16*. In his Amended Complaint, Debeikes "alleges violations of the Fair Credit Reporting Act . . . arising from [Frost's] unlawful recission of a job offer based on an inaccurate finger-print based FBI criminal history report obtained through Sterling Infosystems Inc." *Id. at 1*.

Frost now moves to dismiss Debeikes' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *ECF No. 20*.

## LEGAL STANDARD

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8.

To warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod.*

*Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996). When reviewing the complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones*, 188 F.3d at 324).

A Complaint should only be dismissed under Rule 12(b)(6) after affording ample opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena*, 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt*, 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or if amendment would be futile. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## ANALYSIS

### I. 15 U.S.C. § 1681b(b)(3)(A)

Based on the factual allegations in his Amended Complaint, the Court construes Debeikes as claiming Frost violated 15 U.S.C. § 1681b(b)(3)(A), which states:

4

> [I]n using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—
>
> (i) a copy of the report; and
>
> (ii) a description in writing of the rights of the consumer under this subchapter
>
> . . .

*See ECF No. 16 at 6*. Specifically, Debeikes alleges Frost violated this provision (referencing "15 U.S.C. § 1681b(b)(3)") by "us[ing] a consumer report (FBI criminal history report) obtained through Sterling [Infosystem Inc.'s ("Sterling")] to rescind [his] job offer without providing a pre-adverse action notice, a copy of the report, or a summary of FCRA rights." *ECF No. 16 at 6*.

The Court first addresses the parties' disagreement as to whether the "FBI criminal history report" is a part of Sterling's "consumer report." *ECF No. 16 at 6*. The Fair Credit Reporting Act ("FCRA") defines a "consumer report" as:

> any written, oral, or other communication of any information by which a consumer reporting agency bearing on consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used . . . for the purpose of serving as a factor in establishing the consumer's eligibility for . . . employment purposes . . .

15 U.S.C. § 1681a(d).

Debeikes alleges Sterling included the "FBI criminal history report," later identified as the **FBI's Identity History Response**, (*see ECF No. 20-2 at 21–32*), as part of Sterling's "consumer report." *ECF No. 16 at 6*. Frost counters that Debeikes is mistaken, and that the FBI's Identity History Response is a separate document from Sterling's "consumer report," later identified as the **Confidential Background Screening Report from Sterling**, (*see ECF No. 20-2 at 1–19*). Frost attaches both the FBI's Identity History Response and Confidential Background Screening Report from Sterling to its Motion to Dismiss, as well as an Acknowledgement and

5

Authorization for Background Investigation ("Authorization") completed by Debeikes. *See ECF No. 20-2 at 33–49*.

In its Reply, Frost further argues Sterling is a mere "FBI-approved channeler" of Criminal History Record Information ("CHRI") between the FBI and Frost and that FBI-approved channelers are not subject to the FCRA. *ECF No. 25 at 4–5*.

To support its position FBI-channelers are not subject to the FCRA, Frost cites *Mix v. JPMorgan Chase Bank, NA*, No. CV-15-01102, 2016 WL 5850362 (D. Ariz. Oct. 6, 2016). In *Mix*, at the summary judgment stage of proceedings, the court found a background check company, Fieldprint Inc., did not meet the definition of a consumer reporting agency under the FCRA. *Id. at *3–7*. Notably, the *Mix* defendants provided copious "evidence indicat[ing] that Fieldprint acts as a conduit rather than a consumer reporting agency." *Id. at 4*. As Frost does not provide the same type of evidence here, to the extent Frost argues Sterling did not act as a consumer reporting agency in the specific capacity of channeling the FBI's Identity History Response to Frost,[1] the Court declines Frost's request to apply the summary judgment standard to its Motion to Dismiss. *ECF No. 20 at 5 n.4*. The Court notes even if the Court were to do so genuine issues of material fact would remain due to a lack of evidence as to whether the FBI's Identity History Response is a separate document from the Confidential Background Screening Report from Sterling.

The Court now addresses the two arguments Frost makes in its Motion to Dismiss: (1) that "the FBI is not a 'consumer reporting agency' subject to the FCRA's requirements; and (2) that "Frost could not have taken any adverse action based either in whole or in part on a 'con-

---

[1] *See Mix v. JPMorgan Chase Bank, NA*, No. CV-15-01102, 2016 WL 5850362, at *6 (D. Ariz. Oct. 6, 2016) (citing *Liberi v. Taitz*, No. SACV-11-0485, 2012 WL 10919114, at *5 (C.D. Cal. Mar. 16, 2012); *Marricone v. Experian Info. Sols., Inc.*, No. 09-CV-01123, 2009 WL 3245417, at *1 (E.D. Pa. Oct. 6, 2009)).

sumer report' from a 'consumer reporting agency' because any such report from Sterling (a consumer reporting agency) contained 'no disqualifying information.'" *ECF No. 20*.

Frost's first argument, that "the FBI is not a 'consumer reporting agency' subject to the FCRA's requirements, fails. The FCRA defines a "consumer reporting agency" as:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports

15 U.S.C. § 1681a(f). While the Court agrees with Frost that the FBI is not a consumer reporting agency,[2] Debeikes alleges the FBI's Identity History Response was "obtained through *Sterling* as a consumer reporting agency"—not the FBI. *ECF No. 16 at 5* (emphasis added). Accordingly, in this regard Frost's Motion to Dismiss is denied.

Frost's second argument, that "Frost could not have taken any adverse action based either in whole or in part on a 'consumer report' from a 'consumer reporting agency' because any such report from Sterling (a consumer reporting agency) contained 'no disqualifying information,'" also fails. As stated above, the FCRA defines a "consumer report" as:

> any written, oral, or other communication of any information by which a consumer reporting agency bearing on consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used . . . for the purpose of serving as a factor in establishing the consumer's eligibility for . . . employment purposes . . .

15 U.S.C. § 1681a(d). While Frost points to Debeikes' statement in his Amended Complaint that "[o]n February 18, 2025, Sterling's background check returned clear, confirming the [FBI's] Identity History Response's] inaccuracy," a *pro se* plaintiff's complaint is given a "liberal construction." *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam) (recognizing that

---

[2] *See Ricci v. Key Bancshares of Me., Inc.*, 768 F.2d 456, 466 (1st Cir. 1985); *Ollestad v. Kelley*, 573 F.2d 1109, 1111 (9th Cir. 1978).

courts liberally construe *pro se* pleadings); *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013) (recognizing that courts afford liberal construction to *pro se* briefs). Given the inconsistencies in labeling the various documents involved and that Debeikes specifically alleges the "[FBI's Identity History Response] . . . "constitutes a 'consumer report' under 15 U.S.C. § 1681a(d)," it is not implausible the combination of documents provided from Sterling may fall within the FCRA's definition of a consumer report. Accordingly, in this regard Frost's Motion to Dismiss is also denied.

## II.     15 U.S.C. § 1681m

Debeikes is also claiming Frost violated three other FCRA provisions. *ECF No. 16 at 6*. Specifically, Debeikes' Amended Complaint asserts claims arising under Sections 1681m, 1681n, and 1681o. *Id*. Section 1681m does not provide an individual cause of action. Therefore, the Court provides Debeikes notice of its intention to dismiss his Section 1681m claim *sua sponte*.

A district court may dismiss *sua sponte* a complaint for failure to state a claim "as long as the procedure employed is fair." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (internal quotation marks and citation omitted). Generally, "fairness in this context requires both notice of the court's intention and an opportunity to respond." *Id.* (citing *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)). At times, the Fifth Circuit will uphold a dismissal *sua sponte* without requiring notice, "as long as the plaintiff has alleged his best case." *Lozano*, 489 F.3d at 643 (internal quotation marks and citation omitted). The Fifth Circuit has reasoned that "[a]t some point a court must decide that a plaintiff has had fair opportunity to make his best case[, and] if, after that time, a cause of action has not been established,

the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

Regarding 15 U.S.C. § 1681m, Section 1681m applies to "users of consumer reports" who take "adverse actions on basis of information contained in consumer reports." *See generally* 15 U.S.C. § 1681m. Section 1681m is enforced "exclusively under section 1681s of this title by the Federal agencies and officials identified in that section." *See* 15 U.S.C. § 1681m(h)(8)(B). As such, Plaintiff cannot pursue a private action under Section 1681m. *See Villagran v. Freeway Ford, Ltd.*, No. H-05-2687, 2006 WL 964731, at *1 (S.D. Tex. Jan. 19, 2006) (stating Section 1681m precludes private actions).

## CONCLUSION

For the reasons stated above, Frost's Motion to Dismiss pursuant to 12(b)(6), (*ECF No. 20*), is **DENIED**.

Plaintiff Daniel Matthew Debeikes Jr. is **ORDERED** to file a Response, if any, regarding the Court's notice of its intention to dismiss Debeikes' Section 1681m claim *sua sponte* **no later than Friday, October 3, 2025, at 5:00 p.m.**

It is so ORDERED.
SIGNED this 23rd day of September, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE